UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

BERNARD LEE HAMILTON,

    Plaintiff,

    v.

L. D. ZAMORA; et al.,

                                      /

No. C 14-1495 SI (pr)

**ORDER TO SHOW CAUSE RE. CONTEMPLATED DISMISSAL**

      Bernard Lee Hamilton, a death row inmate, has filed many actions from the confines of San Quentin State Prison and earlier from the San Diego County Jail. Hamilton seeks to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 in the referenced case.

      A prisoner may not bring a civil action *in forma pauperis* under 28 U.S.C. § 1915 "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). Section 1915(g) requires that this court consider prisoner actions dismissed before, as well as after, the statute's 1996 enactment. *Tierney v. Kupers*, 128 F.3d 1310, 1311-12 (9th Cir. 1997).

      For purposes of a dismissal that may be counted under § 1915(g), the phrase "fails to state a claim on which relief may be granted" parallels the language of Federal Rule of Civil Procedure 12(b)(6) and carries the same interpretation, the word "frivolous" refers to a case that is "'of little weight or importance: having no basis in law or fact,'" and the word "malicious" refers to a case "filed with the 'intention or desire to harm another.'" *Andrews v. King*, 398 F.3d

1113, 1121 (9th Cir. 2005) (citation omitted).  Only cases within one of these three categories can be counted as strikes for § 1915(g) purposes, so the mere fact that Hamilton has filed many cases does not alone warrant dismissal under § 1915(g).  *See id.*  Rather, dismissal of an action under § 1915(g) should only occur when, "after careful evaluation of the order dismissing an [earlier] action, and other relevant information, the district court determines that the action was dismissed because it was frivolous, malicious or failed to state a claim."  *Id.*

*Andrews* requires that the prisoner be given notice of the potential applicability of § 1915(g), by either the district court or the defendants, but also requires the prisoner to bear the ultimate burden of persuasion that § 1915(g) does not bar pauper status for him.  *Id. Andrews* implicitly allows the court to *sua sponte* raise the § 1915(g) problem, but requires the court to notify the prisoner of the earlier dismissals it considers to support a § 1915(g) dismissal and allow the prisoner an opportunity to be heard on the matter before dismissing the action.  *See id.* at 1120.  A dismissal under § 1915(g) means that a prisoner cannot proceed with his action as a pauper under § 1915(g), but he still may pursue his claims if he pays the full filing fee at the outset of the action.

A review of the docket sheets and orders from this court in *Hamilton v. Armoskus*, N.D. Cal. Case No. C 94-673 CW, and *Hamilton v. Ducanay*, N.D. Cal. Case No. C 94-1939 CW, show two qualifying dismissals.  Using three other cases, the U.S. District Court for the Southern District of California later determined him to be a frequent filer to whom § 1915(g) applied, *see Hamilton v. McCardle*, S.D. Cal. Case No. CR-97-1018J(CGA), and that determination was upheld on appeal.  That is, the Ninth Circuit rejected Hamilton's challenge to the district court's determination that Hamilton was a frequent filer to whom § 1915(g) applied.  *See Hamilton v. McCardle*, 9th Cir. Case No. 97-56103.  These sources and other docket sheets show that Hamilton has had at least three such cases dismissed on the ground that they were frivolous, malicious, or failed to state a claim upon which relief may be granted.

Hamilton is now given notice that the court believes the following dismissals may be counted as dismissals for purposes of § 1915(g): (1) *Hamilton v. Armoskus*, N.D. Cal. Case No.

2

C 94-673 CW (dismissed for failure to state a claim after earlier dismissal of duplicative claims); (2) *Hamilton v. Ducanay*, N.D. Cal. Case No. C 94-1939 CW (dismissal of duplicative claims as malicious); (3) *Hamilton v. McCardle*, S.D. Cal. Case No. CV 97-1018 J(CGA) (order dismissing complaint for failure to state a claim as well as because it sought damages from defendants who were absolutely immune); (4) *Hamilton v. Calderon*, S. D. Cal. No. 94-1161 B(BTM) (order denying petition as meritless, successive and abusive); and (5) *Hamilton v. Nilson*, S. D. Cal. No. CV 94-849 B(RBB) (dismissed for failure to state a claim under § 1983 and *Heck*). The court made its evaluation of these cases based on the dismissal orders and docket sheets in them. *See Andrews*, 398 F.3d at 1120 (sometimes the docket records may be sufficient, and sometime the actual court files may need to be consulted).

In light of these dismissals, and because Hamilton does not appear to be under imminent danger of serious physical injury, he is ORDERED TO SHOW CAUSE in writing filed no later than **May 30, 2014** why *in forma pauperis* should not be denied and this action should not be dismissed pursuant to 28 U.S.C. § 1915(g). In the alternative to showing cause why each action should not be dismissed, Hamilton may avoid dismissal by paying the full $400.00 filing fee by the deadline.

Hamilton has filed a request for a temporary restraining order and preliminary injunction with 18 itemized points of relief for him. These 18 items pertain to some of the many medical and retaliation claims covered in his 50+ page complaint. Some of his claims appear to be time-barred, as they cover events occurring more than two years ago; at least some of the claims may have res judicata problems because he litigated medical care claims in Marin County Superior Court in 2012, *see* Complaint at Ex. 13; some of the claims appear to be improperly joined; and many of his claims appear to be in the nature of non-actionable differences of opinion with the medical care offered him, *see Toguchi v. Chung*, 391 F.3d 1051, 1058 (9th Cir. 2004) ("[T]o prevail on a claim involving choices between alternative courses of treatment, a prisoner must show that the chosen course of treatment 'was medically unacceptable under the circumstances,' and was chosen 'in conscious disregard of an excessive risk to [the prisoner's] health.'"). In light

of these threshold problems and the serious questions about whether Hamilton may proceed as a pauper, the court will defer ruling on the TRO and preliminary injunction requests until the pauper issue is resolved and the court does the initial screening of the complaint under 28 U.S.C. § 1915A.

IT IS SO ORDERED.

Dated: April 24, 2014

_____
SUSAN ILLSTON
United States District Judge