UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

BERNARD LEE HAMILTON,

    Plaintiff,

    v.

L. D. ZAMORA; et al.,

                                            /

No. C 14-1495 SI (pr)

**ORDER DENYING PAUPER STATUS AND DISMISSING ACTION**

    Bernard Hamilton, an inmate on death row at San Quentin State Prison, filed this action under 42 U.S.C. § 1983 and applied to proceed *in forma pauperis*. On April 24, 2014, the court ordered plaintiff to show cause why this action should not be dismissed under 28 U.S.C. § 1915(g), which provides that a prisoner may not bring a civil action *in forma pauperis* under 28 U.S.C. § 1915 "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). The order identified five prior dismissals that appeared to count under § 1915(g) and ordered plaintiff to show cause why pauper status should not be denied and the action should not be dismissed. The order further stated that plaintiff also could avoid dismissal by paying the filing fee by the deadline.

    Plaintiff filed a declaration in response (Docket # 6). He did not dispute that the dismissals cited by the court qualified for purposes of § 1915(g); instead, he argued that he met the exception in § 1915(g) because he was under imminent danger of serious physical injury.

Whether the prisoner-plaintiff satisfies the imminent danger exception is to be assessed as of the time of the filing of the complaint. *See Andrews v. Cervantes*, 493 F.3d 1047, 1053 (9th Cir. 2007). Conditions that existed at some earlier or later time are not relevant. *Id.* at 1053 & n.5. Here, the question is whether plaintiff was in imminent danger on March 11, 2014, when he signed his complaint and presumably gave it to prison officials to mail to the court. Plaintiff urges that imminent danger existed because his doctors prescribed supplemental oxygen support at all times, both in and out of his cell. *See* Docket # 6 at 2-3. According to his complaint, oxygen support can be provided by a device that runs on electricity or a battery-powered portable device. The battery-powered portable oxygen support device is of importance when plaintiff wants to leave his cell or when the electricity is disrupted. Prison medical staff allegedly provided plaintiff regular oxygen support that runs on electricity, provided a portable oxygen device that ran on batteries, and then disagreed with him when the portable oxygen device began having problems. His allegations are very confusing but it appears that the portable oxygen device he had in his cell broke and was unable to be fixed, and thereafter prison officials decided that a portable oxygen support device in the medical pass room would be made available for his use when needed instead of giving him another portable oxygen support device (which apparently costs several thousand dollars) to keep in his cell. *See* Docket # 1-8 at 13 (Ex. 15 to complaint); Docket # 1-9 at 11 (Ex. 21 to complaint); Docket # 1-9 at 20 (Ex. 25 to complaint); *see also Hamilton v. Thomson*, No. C 09-648 CW, Docket # 115-2 at 24 (Health Care Services Response to inmate dated June 11, 2013 stating "there is a portable O2 concentrator checked and maintained in working condition at the East Block clinic and is available to you as needed.") As of the time of the filing of this action, plaintiff had access to both the permanent and the portable oxygen support devices, although the latter was not kept in the place he would prefer. Plaintiff also urges that he was diagnosed as being under risk of "sudden death" due to heart problems in 2004 and that the receiver repeated that diagnosis in 2012. *See* Docket # 6 at 4, 6. However, a declaration plaintiff filed in another action shows that the risk was addressed long before this action was filed. Specifically, a cardiac defibrillator was

implanted in plaintiff in March 2013, to deal with the concern of sudden death due to heart failure. *See Hamilton v. Thomson*, No. C 09-648 CW, Docket # 115-1 at 4 (Hamilton Declaration); Docket # 115-2 at 1 (Cardiovascular Center of Marin letter signed March 27, 2013 stating doctor had seen plaintiff "regarding candidacy for cardiac defibrillator implantation for prevention of sudden death"); Docket # 115-2 at 4 (operative report for March 27, 2013 cardiac defibrillator placement). Although plaintiff alleges he is in generally bad health and has been for many years, he has not made "plausible allegation[s]" that he "faced 'imminent danger of serious physical injury'" at the time of filing. *Andrews*, 493 F.3d at 1055. He does not fit within the exception to § 1915(g) for a prisoner-plaintiff who is under imminent danger of serious physical injury. Plaintiff's response to the order to show cause does not provide any reason not to impose the restrictions of § 1915(g) on him. Each of the five cases identified in the order to show cause counts as a dismissal for § 1915(g) purposes.

Plaintiff did not pay the filing fee, did not show that any of the prior dismissals could not be counted under § 1915(g), did not meet the imminent danger exception, and did not otherwise show cause why this action could not be dismissed.

For the foregoing reasons, plaintiff's *in forma pauperis* application is DENIED. (Docket # 2) This action is DISMISSED for failure to pay the filing fee. If plaintiff – whose *in forma pauperis* application shows that he has no assets – wants to proceed, he may file within **thirty days** a motion to vacate the dismissal that must be accompanied by a check for the full filing fee of $400.00 (i.e., the $350.00 filing fee plus the $50.00 administrative fee). In light of the dismissal of this action, plaintiff's motion for appointment of counsel and for a temporary restraining order or preliminary injunction are DENIED. (Docket # 3, # 4.)

The clerk shall close the file.

IT IS SO ORDERED.

Dated: September 9, 2014

_____
SUSAN ILLSTON
United States District Judge

3